NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JESSICA M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, C.M., J.M., A.M., N.M., M.M., A.M.,
*Appellees.*

No. 1 CA-JV 17-0368
FILED 2-22-2018

Appeal from the Superior Court in Maricopa County
No. JD511000
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Law Office of H. Clark Jones, Mesa
By H. Clark Jones
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Ashlee N. Hoffmann
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1** Jessica M. ("Mother") appeals the juvenile court's termination of her parental rights to her six children, C.M., J.M., A.M., N.M., M.M., and A.M.[1] For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[2]

**¶2** In April 2013, the Department of Child Safety ("DCS") removed Mother's five oldest children from her care and initiated Mother's first dependency action. The juvenile court found all five children dependent as to Mother; however, Mother successfully completed services, DCS returned the children to her care and, in March 2014, the court dismissed the dependency action. Mother tested positive for marijuana eight months later, at the birth of her youngest child.

**¶3** In September 2015, Mother's oldest child, C.M. (then eleven years of age), reported that he and his siblings had access to drugs and drug paraphernalia, had witnessed multiple incidents of domestic violence between Mother and her then-partner, and that Mother's partner "punche[d] the children" and "put his hands around [C.M.'s] and [J.M.'s] neck." DCS filed a new dependency action the same month, and the juvenile court adjudicated all six children dependent as to Mother in November 2015.

**¶4** To facilitate reunification, DCS provided Mother a family reunification team, parent aide services, supervised visitation, parenting

---

[1] The juvenile court previously terminated three of the four fathers' parental rights; however, none are parties to this appeal and, accordingly, our recitation of the facts and analysis of the issues are limited to Mother.

[2] We view the record in the light most favorable to sustaining the juvenile court's order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009).

classes, and transportation services. DCS also referred Mother for mental health evaluations, individual counseling, couples' counseling, substance abuse assessment and treatment, and random drug testing.

**¶5** Mother did not consistently submit to drug testing as DCS required, and two of the three drug tests she provided were positive for illegal substances. Mother denied her use of illegal substances at her first referral for substance abuse assessment in November 2015, and, consequently, the service provider did not recommend Mother for treatment.[3] A year later, Mother failed to appear for her second drug abuse assessment referral and never rescheduled the appointment; the referral was accordingly closed and Mother was not recommended for treatment. DCS then requested Mother "self-refer" for further substance abuse treatment.

**¶6** Both of Mother's referrals for individual counseling were closed unsuccessfully due to her lack of participation, and DCS similarly requested Mother self-refer for further counseling. Mother and her then-partner engaged in couples' counseling, which was closed when their relationship ended. Mother twice refused to participate in a referred psychological evaluation—an evaluation that the DCS case manager testified could give DCS insight to additional services Mother might need, if any.

**¶7** In January 2017, the juvenile court changed Mother's case plan to severance and adoption. DCS moved to sever Mother's parental rights, alleging chronic substance abuse, nine-months out-of-home placement, and prior-removal grounds, under Arizona Revised Statutes ("A.R.S.") § 8-533(B)(3), (8)(a), and (11), respectively. Three months before the severance hearing, Mother requested the court order DCS to re-refer her for services. The court denied her request and in June 2017, held a contested severance hearing. The court terminated Mother's parental rights to the children on all grounds alleged. The court also found that termination of Mother's rights was in the children's best interests.

**¶8** Mother timely appealed. We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 8-235(A), 12-2101(A), and 12-120.21(A).

---

[3] Mother's oral-swab drug screen at the assessment appointment was negative.

**ANALYSIS**

**¶9**         In her appeal, Mother does not challenge the juvenile court's findings of the three statutory grounds permitting severance under A.R.S. § 8-533(B)(3), (8)(a), and (11). *See Kent K. v. Bobby M.*, 210 Ariz. 279, 281-82, ¶ 7 (2005) (requiring clear and convincing evidence of at least one statutory ground under A.R.S. § 8-533 to justify termination). Nor does Mother contest the juvenile court's finding that termination was in the children's best interests. *See id.* at 284, ¶ 22 (requiring a finding by a preponderance of the evidence that termination is in a child's best interest). Instead, Mother argues DCS failed to provide sufficient reunification services, specifically: substance abuse treatment, individual counseling, and co-parenting counseling.[4] We review an order terminating parental rights for an abuse of discretion and will affirm if the order is supported by sufficient evidence in the record. *Calvin B. v. Brittany B.*, 232 Ariz. 292, 296, ¶ 17 (App. 2013).

**¶10**        Termination of a parent's rights under allegations of substance-abuse and out-of-home placement requires that DCS first make "reasonable" efforts to provide appropriate reunification services to the parent. A.R.S. § 8-533(B)(3), (8); *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005). Similarly, termination based on the prior-removal ground, § 8-533(B)(11), requires the juvenile court to consider "the availability of reunification services to the parent and the participation of the parent in [those] services." A.R.S. § 8-533(D).

**¶11**        DCS' obligation to provide reasonable services is satisfied when it provides services to the parent "with the time and opportunity to participate in programs designed to help [him or] her to become an effective parent." *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 235, ¶ 14 (App. 2011) (citation omitted). DCS is not required, however, to leave the window of opportunity for remediation open indefinitely. *Maricopa Cty. Juv. Action No. JS-501568*, 177 Ariz. 571, 574, 577 (App. 1994).

**¶12**        Sufficient evidence in the record supports the juvenile court's finding that the services offered by DCS were adequate and "reasonably calculated to successfully remedy the circumstances that caused the children to be in an out-of-home placement." Approximately twenty-one months passed between DCS initiating the dependency action and the

---

4         Because Mother does not challenge the juvenile court's statutory or best interests findings, we do not address them. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577-78, ¶¶ 5-8 (App. 2017).

severance hearing. Yet, despite having repeated direct referrals for services, being directed and encouraged by DCS to self-refer for services after her referrals closed, and speaking with her case manager "over 30 times" regarding her participation, Mother failed to engage in the very services she now challenges on appeal, as discussed *supra,* ¶¶ 5-6.

**¶13**     Additionally, as to services aimed at addressing Mother's substance abuse, her DCS case manager testified that Mother had yet to even acknowledge her addiction. DCS need not provide services that are futile, *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 18 (App. 2004), and Mother provides no evidence or supporting authority demonstrating that further rehabilitative services could restore her ability to care for the children within a reasonable time, *see Jennifer G.*, 211 Ariz. at 453 n.3, ¶ 12 (citing *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 191, ¶ 31 (App. 1999)). Finally, as to co-parenting counseling, although DCS did not refer Mother for this service, DCS determined the service was inappropriate after Mother's individual counseling closed unsuccessfully and she was no longer in a relationship. Mother has not shown that the juvenile court abused its discretion in finding DCS satisfied its requirement to provide sufficient reunification services.

## CONCLUSION

**¶14**     For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:  AA